UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TOOCHUKWU OKORIE,                :

       Petitioner        :        CIVIL ACTION NO. 3:25-1953

       v.                :        (JUDGE MANNION)

WARDEN OF FCI-SCHUYLKILL,         :

       Respondent        :

## MEMORANDUM

Presently before the court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 to challenge the United States Bureau of Prisons' enforcement of a restitution payment plan. The petition will be dismissed for failure to exhaust administrative remedies.

### I.  BACKGROUND

Petitioner, Toochukwu Okorie, is incarcerated in Schuylkill Federal Correctional Institution ("FCI-Schuylkill") serving a federal criminal sentence that requires him to pay restitution. (Doc. 1). He filed the instant petition on October 16, 2025, and the court received and docketed his petition on October 16, 2025. (Doc. 1). Okorie's petition asserts that the BOP has improperly enrolled him in its Inmate Financial Responsibility Program ("IFRP") and compelled him to make restitution payments through the program. (*Id.*)

Respondent responded to the petition on December 5, 2025, arguing that it should be dismissed for failure to exhaust administratively or alternatively denied on its merits. (Doc. 7). Okorie has not filed a reply brief, and the deadline for doing so has expired under the Local Rules. The petition is accordingly ripe for review.

II. DISCUSSION

This case will be dismissed for failure to exhaust administrative remedies. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Id.* at 761-62. The BOP has an internal system through which prisoners can request review of nearly any aspect of their imprisonment. *See* 28 C.F.R. §§542.10-.19. The process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal

to the BOP's central office. *Id.* §§542.13-.15. No request is considered fully exhausted until reviewed by the central office. *Id.* §542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. *Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

Here, respondent has produced evidence showing that Okorie failed to exhaust administrative remedies because his BOP records indicate that he has not filed any administrative remedy requests while serving his sentence. (Doc. 7-2; Doc. 7-4). Okorie has not contested this assertion through any contrary evidence or argument. Dismissal of this case is therefore appropriate because Okorie failed to exhaust administrative remedies and he has not provided any valid basis to excuse the failure to exhaust.

### III. CONCLUSION

For the foregoing reasons, the court will dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 1/20/26
25-1953-01